**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Respondent, | § | |
| | § | |
| v. | § | **CRIMINAL NO. L-03-1906** |
| | § | **CIVIL NO. L-05-33** |
| **SANTOS ANTONIO VILLARREAL,** | § | |
| Petitioner. | § | |
| | § | |
| | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 1] and the Respondent's Motion to Dismiss [Doc. No. 5]. For the following reasons, the Respondent's Motion to Dismiss is **GRANTED** and the Petitioner's Motion is **DISMISSED WITH PREJUDICE.**

**Background**

On March 18, 2004, pursuant to a plea agreement, Petitioner Santos Antonio Villarreal pled guilty to transportation of illegal immigrants in violation of 8 U.S.C. § 1324. [Crim. Doc. No. 21]. On September 30, 2004, Petitioner was sentenced by Judge Keith P. Ellison to 24 months total: 21 months for Count 1 in the current indictment, as well as an additional 3 months imposed in Criminal Case L-03-569. [Crim. Doc. No. 30]. Petitioner did not appeal.

On February 24, 2005, Petitioner filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence alleging the following constitutional miscarriages of justice: first, failure of counsel to file an appeal, and second, failure of counsel to present an argument pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). [Doc. No. 1].

**Ineffective Assistance of Counsel – Legal Standards**

A claim of ineffective assistance of counsel must meet both prongs of the test established by *Strickland v. Washington*, 466 U.S. 668 (1984).  Not only must the petitioner demonstrate that his counsel's assistance was so ineffective as to be constitutionally deficient, but he must also demonstrate that prejudice resulted from the ineffective assistance. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland*, 466 U.S. at 687; *United States v. Walker*, 68 F.3d 931 (5th Cir. 1995). The standard for proper "attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687.  Counsel's performance is "considered deficient if it 'falls below an objective standard of reasonableness,' as measured by professional norms." *Ladd v. Cockrell*, 311 F.3d 349 (5th Cir. 2002)(quoting *Strickland*, 466 U.S. at 688).

Effective assistance of counsel need not be perfect, nor can it be judged ineffective purely in hindsight.  "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). Additionally, "a court must...be 'highly deferential' of counsel's performance and make every effort to 'eliminate the distorting effects of hindsight." *Ladd*, 311 F.3d at 357-8 (quoting *Strickland*, 466 U.S. at 689).  Moreover, the petitioner must overcome the strong presumption that his counsel acted effectively.  *Strickland*, 466 U.S. at 690.

In making a demonstration of prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  In making this showing, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.  However, mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir. 1982); *See also Ross v.*

*Estelle*, 694 F.2d 1008 (5th Cir. 1983)("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition...unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.")

An allegation of ineffective assistance of counsel may be rejected if it fails either prong of the *Strickland* test.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.  Therefore,  "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94.

## Claim 1

Petitioner's first claim alleges ineffective assistance of counsel based on counsel's failure to file an appeal as allegedly requested by the Petitioner.  In his affadavit, counsel for the Petitioner clearly states that his notes from the case lack any indication that Petitioner entertained a desire to appeal. [Doc. No. 5, Ex. A].  Counsel makes mention that had Petitioner requested an appeal, Counsel would surely have effected one.  [Doc. No. 5, Ex. A].  Counsel has been a licensed attorney for more than 46 years and has advised on countless criminal cases; there is ample evidence therefore to suggest that Counsel is practiced in the area of criminal appeals and perfectly capable of conducting one should the need arise.  In addition, the record reflects that the Court informed the Petitioner of his right to appeal and the availability of *in forma pauperis* should the Petitioner find himself unable to afford an appeal. [Doc. No. 5, Ex. A].  As Counsel notes in his affidavit, had Petitioner requested that his counsel file an appeal, he would have "filed said notice or given oral notice of appeal immediately subsequent to sentencing or within the 10 days that the rules allow." [Doc. No. 5, Ex. A, p. 2].

The two-part *Strickland* test has been held to apply to allegations of ineffective assistance of counsel based on the failure to file an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). It is well-established that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner. *See Rodriguez v. United States*, 395 U.S. 327 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999)("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). Counsel must consult with the defendant about the possibility of an appeal when there is reason to think either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. 470, 480. The court must take into account all of the information available to counsel – both knowledge he possessed and that which he should have possessed. Of particular salience in this analysis "will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." [1] *Id.*

Petitioner entered into a plea agreement and was informed by the Court of his right to appeal. Counsel for the petitioner has averred, under oath, that he has no record of the Petitioner's supposed desire to appeal. In addition, the flimsy substantive grounds on which Petitioner bases his claims suggest that an appeal would most likely have been fruitless. Colligating these factors leads the Court to the conclusion that not only was counsel's

[1] A petition pursuant to 28 U.S.C. § 2255 is properly dismissed without an evidentiary hearing if the petitioner fails to allege "detailed and specific" facts. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)(citing *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987)). Petitioner has only proffered unsubstantiated, conclusory allegations regarding his desire to pursue a direct appeal. The lack of specific facts or detailed allegations, coupled with the existence of a plea agreement, mitigate against the credibility of petitioner's claim that he evidenced his desire to pursue a direct appeal.

performance constitutionally adequate, but also that Petitioner suffered no prejudice due to the fact that an appeal was not filed.

**Claim 2**

Petitioner's second claim purports to find authority in *Blakely v. Washington*, 542 U.S. 296 (2004) for the argument that his sentencing enhancement was assessed in violation of the Constitution.  However, Petitioner misstates the legal significance of *Blakely*, which upheld the rule announced in *Apprendi v. New Jersey* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 302 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  The statutory maximum at issue in the instant case is that associated with 8 U.S.C. § 1324, the statute under which Petitioner pled guilty.  According to the written plea agreement, the penalty for each violation of 8 U.S.C. § 1324(a)(1)(B)(i) is "a maximum term of imprisonment of not more than ten (10) years . . . ." [Crim. Doc. No. 21, unnumbered p. 2].  The plea agreement accurately states the statutory maximum and was signed by the Petitioner.  The Petitioner received a sentence of 21 months (for this offense), well within the statutory range of punishment. [Crim. Doc. No. 30].  Therefore, Petitioner's claim fails as a matter of law.

**Conclusion**

For the aforementioned reasons, the Respondent's Motion to Dismiss is hereby

**GRANTED**; Petitioner's Motion to Vacate is hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

DONE at Laredo, Texas, this 22 day of July, 2005.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE


**To Insure Proper Notice, Each Party Who Receives This Order
Shall Forward a Copy of it to Every Other Party And Affected
Non-party Even Though They May Have Been Sent One by
The Court.**